Gregory B. Collins (#023158)
Julia A. Wagner (#026554)
KERCSMAR & FELTUS PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001
(480) 421-1002 fax
gbc@kflawaz.com
jaw@kflawaz.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ThermoLife International, LLC, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| United States Department of Health and Human Services, | |
| Defendant. | |

Plaintiff ThermoLife International, LLC ("ThermoLife") for its complaint against Defendant United States Department of Health and Human Services ("the Department" or "HHS"), alleges as follows:

**NATURE OF THE CASE**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production of records in response to a FOIA request properly describing the records sought, sent on May 29, 2015 to the Department. The Department improperly denied the request by failing to respond.

**PARTIES**

2. Plaintiff ThermoLife is a resident of Arizona.

3.   Defendant HHS is a federal agency within the meaning of 5 U.S.C. § 552(f).

## JURISDICTION AND VENUE

4.   This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 because the resolution of disputes under FOIA present a federal question.

5.   Venue in this Court is proper under 5 U.S.C. § 552(a)(4)(B).

## ALLEGATIONS COMMON TO ALL COUNTS

### Background

6.   On September 15, 2014, the United States House of Representatives passed The Designer Anabolic Steroid Control Act of 2014 (the "Bill").

7.   The Bill amended "The Controlled Substances Act" to more effectively regulate anabolic steroids and the bill is not codified as 21 U.S.C. §§ 355 & 811, 18 U.S.C. §§ 21, 811 & 825, among other code sections.

8.   The Bill was originally proposed by Representative Joseph Pitts on May 29, 2014.

9.   As introduced, the Bill listed 27 compounds that were specifically identified as "Designer Anabolic Steroids."

10.   The second and third compounds on the as-introduced bill included (i) Androst-4-ene-3,6,17-trione and (ii) Androsta-1,4,6-triene-3,17-dione (the "Compounds").

11.   Although the Compounds were listed in the introduced bill, the enacted version of the bill omitted the Compounds.

12.   According to Mr. Pitts' office, the Compounds were removed from the Bill as a result of comments and input provided by the Food and Drug Administration, a division of the Department.

13.   Plaintiff is involved in ongoing litigation regarding the Compounds.

**Plaintiff's FOIA Request and Defendant's Failure to Respond**

14. On May 29, 2015, Plaintiff, through its attorneys Kercsmar & Feltus, PLLC, submitted a request under FOIA via fax to The Food and Drug Administration for information about the removal of the Compounds from the Bill. Attached as Ex. 1.

15. Plaintiff requested all written communication that any FDA employee, representative, agent or attorney had with anyone about the Bill between May 29, 2014 and September 15, 2014, a mere 3 month time-frame.

16. Plaintiff requested any and all written communication that any FDA employee, representative, agent or attorney had with anyone about the Compounds between May 29, 2014 and September 15, 2014, a mere 3 month time-frame.

17. Plaintiff also offered to pay for any fees and costs incurred in gathering and providing the documents up to $500.00.

18. HHS received the request on June 4, 2015. Attached as Ex. 2.

19. HHS did not respond to the request for nearly seven months.

20. Finally, on December 11, 2015, HHS stated that the Office of the Executive Secretariat was unable to locate any records responsive to the request. The request was still being handled, however, by the Center for Drug Evaluation and the Office of Legislation. Attached as Ex. 3.

21. On April 7, 2016 HHS provided a "partial response" to the request. In that response, Sarah Kotler with HHS produced documents from the FDA's Office of Legislation. Ms. Kotler indicated that the request remained open and pending with the FDA's Center for Drug Evaluation and Research. Attached as Ex. 4.

22. On December 20, 2016, having not received any information from the Center for Drug Evaluation and Research, Kercsmar & Feltus followed up with Ms. Kolter via email. Attached as Ex. 5.

23. The following day, Mr. Gary Jackson with HHS indicated that Kercsmar & Feltus's request was number 272 out of 625 requests. Mr. Jackson also indicated that the request was assigned to the complex queue. Attached as Ex. 6.

24. On October 23, 2017, Kercsmar & Feltus again followed-up with HHS, in a letter stating:

> Our office submitted a public records request on behalf of our client, ThermoLife International, Inc., on May 29, 2015, request number 2015-4445. Your office provided a partial response on April 7, 2016. That same day, you indicated that the request remained open and pending with the FDA's Center for Drug Evaluation and Research. It has been over a year and we have heard nothing. Please provide a response no later than November 6, 2017.
>
> Should your agency fail to comply, ThermoLife International, Inc. has authorized this firm to file a complaint on its behalf to compel production of the records in response to the FOIA request. The nearly two and a half year delay warrants a finding of bad faith, and we will seek our fees and costs in bringing the lawsuit.

Letter, attached as Ex. 7.

25. The following day, Mr. Gary Jackson with HHS indicated that Kercsmar & Feltus's request was now, after two and half years, number 168 in the queue. Attached as Ex. 8.

26. As of November 2, 2017, the Center for Drug Evaluation and Research has failed to respond to Plaintiff's request, notwithstanding the FOIA's requirement of an agency response within twenty working days.

## COUNT I

## INJUNCTIVE RELIEF

27. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

28. The Department has wrongfully withheld the requested records from Plaintiff.

29. Plaintiff has exhausted the applicable administrative remedies with respect to its FOIA request to the Department.

30. Plaintiff is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

WHEREFORE, Plaintiff prays that this Court:

A. Order Defendant to produce all responsive agency records concerning the Bill between May 29, 2014 and September 15, 2014;

B. Order Defendant to produce all responsive agency records concerning the removal of the Compounds from the Bill;

C. Award Plaintiff its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

D. Grant such other relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 2nd of November, 2017.

                KERCSMAR & FELTUS PLLC

                By *s/Julia Wagner*
                    Gregory B. Collins
                    Julia A. Wagner
                    7150 East Camelback Road, Suite 285
                    Scottsdale, Arizona 85251
                    *Attorneys for Plaintiff*

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001