ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

ADAM R. SMART
Assistant U.S. Attorney
N.C. State Bar No. 31797
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004-4408
Telephone:  (602) 514-7500
Facsimile:  (602) 514-7760
Email: adam.smart@usdoj.gov

*Attorneys for United States
Department of Health and Human Services*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ThermoLife International, LLC, | CV-17-04049-PHX-JJT |
| Plaintiff, | **ANSWER** |
| v. | |
| United States Department of Health and Human Services, | |
| Defendant. | |

The United States Department of Health and Human Services ("Defendant"), by and through counsel, herein answers the Complaint filed by ThermoLife International, LLC ("Plaintiff") on November 2, 2017.

1. The allegations in the first sentence in paragraph 1 of the Complaint contain Plaintiff's characterizations of its Complaint, to which no response is required. To the extent a response to these allegations is required, Defendant states that the Complaint and the referenced FOIA request speak for themselves. Defendant respectfully refers the Court to them for full, complete, and accurate statements of their content. Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation

concerning when the referenced FOIA request was sent and, therefore, denies it. Defendant denies the allegations in the second sentence of paragraph 1.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and, therefore, denies them.

3. With respect to the allegations in paragraph 3 of the Complaint, Defendant admits that it is an agency of the Executive Branch of the United State Government within the meaning of 5 U.S.C. § 552(f)(1).

4. Paragraph 4 of the Complaint sets forth conclusions of law as to which no response is required. To the extent a response to these allegations is required, Defendant admits that 5 U.S.C. § 552(a)(4)(B) provides district courts with jurisdiction to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant," and that 28 U.S.C. § 1331 provides district courts with "original jurisdiction of all civil cases arising under the Constitution, laws, or treaties of the United States," but denies that any agency records were improperly withheld from Plaintiff in this matter. Unless specifically admitted, the remaining allegations are denied.

5. Paragraph 5 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response to these allegations is required, Defendant admits that venue lies in this District, but denies that Plaintiff is entitled to any relief in this matter.

6. The allegations in paragraph 6 of the Complaint are irrelevant to the resolution of the claim set forth in the Complaint. To the extent a response to these allegations is required, Defendant admits the allegations in paragraph 6.

7. The allegations in paragraph 7 of the Complaint are irrelevant to the resolution of the claim set forth in the Complaint and, in any event, set forth conclusions of law as to which no response is required. To the extent a response to these allegations is required, Defendant states that the referenced Bill and statutes speak for themselves.

Defendant respectfully refers the Court to them for full, complete, and accurate statements of their content.

8. The allegations in paragraph 8 of the Complaint are irrelevant to the resolution of the claim set forth in the Complaint. To the extent a response to these allegations is required, Defendant lacks knowledge or information sufficient to form a belief as to their truth and, therefore, denies them.

9. The allegations in paragraph 9 of the Complaint are irrelevant to the resolution of the claim set forth in the Complaint. To the extent a response to these allegations is required, Defendant states that the referenced Bill speaks for itself. Defendant respectfully refers the Court to it for full, complete, and accurate statements of its content.

10. The allegations in paragraph 10 of the Complaint are irrelevant to the resolution of the claim set forth in the Complaint. To the extent a response to these allegations is required, Defendant states that the referenced Bill speaks for itself. Defendant respectfully refers the Court to it for full, complete, and accurate statements of its content.

11. The allegations in paragraph 11 of the Complaint are irrelevant to the resolution of the claim set forth in the Complaint. To the extent a response to these allegations is required, Defendant states that the referenced bills speak for themselves. Defendant respectfully refers the Court to them for full, complete, and accurate statements of their content.

12. The allegations in paragraph 12 of the Complaint are irrelevant to the resolution of the claim set forth in the Complaint. To the extent a response to these allegations is required, Defendant lacks knowledge or information sufficient to form a belief as to their truth and, therefore, denies them, except admits that the United States Food and Drug Administration is one of Defendant's operating divisions.

13. The allegations in paragraph 13 of the Complaint are irrelevant to the resolution of the claim set forth in the Complaint. To the extent a response to these allegations is required, Defendant lacks knowledge or information sufficient to form a belief as to their truth and, therefore, denies them.

14. With respect to the allegations in paragraph 14 of the Complaint, Defendant admits only that Kercsmar & Feltus PLLC submitted a FOIA request to FDA by letter dated May 29, 2015, and that a copy of the request is attached to the Complaint as Exhibit 1. To the extent paragraph 14 purports to describe the contents of the FOIA request, Defendant states that the document speaks for itself and no response is required. Defendant respectfully refers the Court to the document, which is attached as an exhibit to the Complaint, for full, complete, and accurate statements of its content. Defendant denies the remaining allegations in paragraph 14.

15. To the extent that paragraph 15 of the Complaint purports to describe the contents of the FOIA request, Defendant states that the document speaks for itself and no response is required. Defendant respectfully refers the Court to the document, which is attached as an exhibit to the Complaint, for full, complete, and accurate statements of its content. To the extent that paragraph 15 purports to characterize the time frame of the request, Defendant denies it.

16. To the extent that paragraph 16 of the Complaint purports to describe the contents of the FOIA request, Defendant states that the document speaks for itself and no response is required. Defendant respectfully refers the Court to the document, which is attached as an exhibit to the Complaint, for full, complete, and accurate statements of its content. To the extent that paragraph 16 purports to characterize the time frame of the request, Defendant denies it.

17. To the extent that paragraph 17 of the Complaint purports to describe the contents of the FOIA request, Defendant states that the document speaks for itself and no response is required. Defendant respectfully refers the Court to the document, which is

attached as an exhibit to the Complaint, for full, complete, and accurate statements of its content.

18. With respect to the allegations in paragraph 18 of the Complaint, Defendant admits that FDA received the referenced FOIA request on June 4, 2015, and that a copy of the FOIA request is attached to the Complaint as Exhibit 2.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. With respect to the allegations in paragraph 20 of the Complaint, Defendant admits only that FDA sent a letter, dated December 11, 2015, to Kercsmar & Feltus PLLC, and that a copy of the letter is attached to the Complaint as Exhibit 3. To the extent that paragraph 20 purports to describe the contents of the letter, Defendant states that the document speaks for itself and no response is required. Defendant respectfully refers the Court to the document, which is attached as an exhibit to the Complaint, for full, complete, and accurate statements of its content

21. With respect to the allegations in paragraph 21 of the Complaint, Defendant admits only that FDA sent an email dated April 7, 2016, at 8:50 a.m., to Kercsmar & Feltus PLLC, and that a copy of the email is included in an email chain attached to the Complaint as Exhibit 4, but denies that Exhibit 4 contains the complete email. To the extent that paragraph 21 purports to describe the contents of the email, Defendant states that the document, which is attached as an exhibit to the Complaint, except for its missing content, speaks for itself and no response is required.

22. With respect to the allegations in paragraph 22 of the Complaint, Defendant admits only that Kercsmar & Feltus PLLC sent an email dated December 20, 2016, at 3:21 p.m., to FDA, and that a copy of the email is included in an email chain attached to the Complaint as Exhibit 5. To the extent that paragraph 22 purports to describe the contents of the email, Defendant states that the document speaks for itself and no response is required. Defendant respectfully refers the Court to the document, which is attached as an exhibit to the Complaint, for full, complete, and accurate statements of its content.

1  23. With respect to the allegations in paragraph 23 of the Complaint, Defendant admits only that FDA sent an email dated December 21, 2016, at 10:17 a.m., to Kercsmar & Feltus PLLC, and that a copy of the email is included in an email chain attached to the Complaint as Exhibit 6. To the extent that paragraph 23 purports to describe the contents of the email, Defendant states that the document speaks for itself and no response is required. Defendant respectfully refers the Court to the document, which is attached as an exhibit to the Complaint, for full, complete, and accurate statements of its content.

24. With respect to the allegations in paragraph 24 of the Complaint, Defendant admits that Kercsmar & Feltus PLLC sent a letter dated October 23, 2017, to FDA, and that a copy of the letter is attached to the Complaint as Exhibit 7. To the extent that paragraph 24 purports to describe the contents of the letter, Defendant states that the document speaks for itself and no response is required. Defendant respectfully refers the Court to the document, which is attached as an exhibit to the Complaint, for full, complete, and accurate statements of its content.

25. With respect to the allegations in paragraph 25 of the Complaint, Defendant admits only that FDA sent an email dated October 24, 2017, to Kercsmar & Feltus PLLC, and that a copy of the email is attached to the Complaint as Exhibit 8. To the extent that paragraph 25 purports to describe the contents of the email, Defendant states that the document speaks for itself and no response is required. Defendant respectfully refers the Court to the document, which is attached as an exhibit to the Complaint, for full, complete, and accurate statements of its content.

26. The allegations in paragraph 26 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that, as of November 2, 2017, FDA's Center for Drug Evaluation and Research had not released documents in response to Plaintiffs' FOIA request and denies the remaining allegations in paragraph 26.

27. The allegations in paragraph 27 of the Complaint are ones of incorporation to which no response is required. To the extent a response is required, Defendant repeats and incorporates its responses to the allegations in paragraphs 1-26 of the Complaint as if fully set forth herein.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff has exhausted the applicable administrative remedies with respect to the FOIA request at issue.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

With respect to Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to any of the relief requested.

## DEFENSES

The Complaint fails to state a claim on which relief can be granted because no agency records have been improperly withheld from Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

All proceedings with respect to the pending FOIA request should be stayed pending further order of this Court to be issued after the FOIA request reaches, in the normal course of business, the front of the processing queue to which it is assigned.

## SECOND AFFIRMATIVE DEFENSE

Some of the information requested by Plaintiff is exempt from disclosure under FOIA.

Wherefore the Defendant requests that the Complaint and action be dismissed, that Plaintiff take nothing thereby, and that Defendant recover its costs and such other relief as the Court may deem appropriate.

Respectfully submitted this 18th day of January, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*s/Adam R. Smart*
ADAM R. SMART
Assistant U.S. Attorney

OF COUNSEL:

ROBERT P. CHARROW
General Counsel

REBECCA K. WOOD
Chief Counsel
Food and Drug Administration

ANNAMARIE KEMPIC
Deputy Chief Counsel, Litigation

LESLIE COHEN
Associate Chief Counsel
United States Department of Health
and Human Services
Office of the General Counsel
Food and Drug Administration
10903 New Hampshire Ave.
WO Bldg. 32, Rm. 4301
Silver Spring, MD  20993
(301) 796-0551

# CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing which served a copy of the attached document and Notice of Electronic Filing to the following CM/ECF registrant:

Gregory B. Collins
Julia A. Wagner
Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251

*Attorneys for Plaintiff*


 *s/ M. Beickert*
Office of the United States Attorney